Anderson, J.,
delivered the opinion of the court.
At the January term, 1875, of the Eockingham circuit court, the appellee obtained two judgments against John F. Long and John Y. Long, partners in trade under the firm name of John F. Long & Co.; which judgments on the 18th of March, 1875, it caused to be docketed in the county court of Augusta, and afterwards brought its bill in chancery to subject to the same, among other things, a tract of seventy-four acres of land, as the property of said John Y. Long, situate in the county of Augusta.
Prior to the said judgments, in the month of October or November, 1874, John Y. Long had by parol contract sold the said tract of land to the appellants, and received payment from them of about $1,700 of the purchase money, which appears to have been all that was coming to him, the liens upon the land amounting to the balance, which they undertook to pay, and delivered to them possession of the land, which they accepted in pursuance of. said agreement, and were in possession when said judgments were rendered.
On the 4th of January, 18-75, John Y. Long conveyed by deed the land in question to the said purchasers, the appellants, which he had previously sold to them by parol contract, but which deed was not admitted to record until the 19th day of April, more than sixty days after its acknowledgment, and more than fifteen days after the *667 docketing of said judgments; and the only question for our decision is, Was this tract of . land subject to the appellee’s judgment liens ? or .is the parol sale to the appellants valid as against the subsequent judgments of the appellee ?
The court below held that the judgments ai’e liens on the said tract of land, they being docketed on the judgment lien docket of the county court of Augusta county within sixty days next after the date of said judgments, and more than, fifteen days before the deed of conveyance to the appellants was recorded, and that the rights of the judgment creditor are superior to the rights of the appellants “ under the par’d or verbal contract between them and the said John Y. Long, in the fall of 1874, under which possession of the said tract of land was then delivered and accepted, and the purchase money paid,” and decreed that the said judgment liens be enforced against the said tract of land and the sale of the same, unless the judgment liens were satisfied and paid off within ninety days from the rising of the court.
The delivery and taking possession by the purchasers under the parol contract were unequivocally in consequence of the agreement, and in execution of it; and so was the delivering to the vendor his bonds, &c., in which the payment was made. These acts of part performance were done at the time of the purchase, and in pursuance of it. The possession of the purchasers was taken at the date of purchase, and although they were living on the place at the time, they were there as the sisters and .brother of the vendor and in his service. It was not a continuing possession under a former interest, as tenants or otherwise. They had no previous interest. They were in no sense tenants of the vendor, and had no sort of possession prior to their purchase; and the vendor upon their purchase immediately surrendered to them the possession, which they continued and held at the *668 date of the appellee’s judgments. The vendor, it is not shown, ever occupied the land or any part of it, or that die has ever set his foot upon it since the said sale. He was at that time residing in Harrisonburg, and subsequently to his residence in Harrisonburg he removed to a farm belonging to his wife, where it is probable he still resides. It seems that he is now insolvent, and that if the sale which he made to the appellants was vacated they would be unable to get back their money, and that consequently his availing himself of the statute of frauds to avoid his contract would be a fraud upon his vendees. See 2 Minor’s Inst. p. 775, citing 2 Stor. Eq. §§ 760, 761. But there is no question raised as to the parol contract of sale or the acts of part performance, which are clearly proved, or as to the fairness of the transaction, and the same is admitted in fact by the decree itself, and the only question is as to how it is affected by the operation of our registration laws.
It is contended that the parol contract became merged in the deed, and that the deed not having been recorded within sixty days after its acknowledgment, and not within fifteen days after the docketing of the said judgments, the liens of the judgments attached to the land and superseded the appellants’ purchase. I cannot find from the record on what day of the month of January the term of the circuit. court of Rockingham county, at which the judgments were rendered, commenced. If it was before the fifth of January, the judgments would date prior to the execution of the deed, and at that date and after, the debtor, John Y. Long, was neither possessed nor entitled to the land, and the judgments against him, by the terms of the statute, could not attach to the land which was not his, but which was in the possession of the appellants under a parol contract which was unaffected by the registration acts. (Code of 1878, ch. 182, § 6). The subsequent conveyance of the title to them *669 by the debtor could not be construed as an acquisition of title by him, and consequently could not, by the terms of the statute, subject the lands to the judgment liens of his creditor.
But if the term of the court commenced subsequent to the 5th of January, so that the deed was executed prior to the judgments, it would, by the acts of registration, be void as to the judgment creditor ; but the case would come within the principle of Withers v. Carter, 4 Gratt. 407, which is reaffirmed and applied to the case of a parol contract in Floyd, trustee, v. Harding, &c., 28 Gratt. 401. In that case it was held that parol contracts for the sale and purchase of land were unaffected by the recording acts. Judge Staples, in whose opinion the other judges sitting concurred, with regard to the case where the deed is executed after the judgment is recorded, observes, that if the title of the purchaser is good against the creditor when the judgment is recovered, the bare statement of the proposition that it becomes invalid by reason of a subsequent execution of a deed by the vendor, is its own refutation. He then speaks with regard to the case of valid parol contract, so far executed as to pass the equitable title, and subsequently a deed of conveyance, which is not recorded, or if recorded at all, not until after a judgment recovered. This (he says) is the case as presented in Withers v. Carter, except there the contract was in writing, but the principle is the same. And he quotes Judge. Baldwin as saying in that case: “Ho deed of conveyance is necessary to confirm its validity (the executory agreement), and how an abortive attempt to obtain a valid conveyance- can destroy the pre-existing title is beyond my comprehension. Hor can I conceive what merger there can be in regard to creditors of the equitable estate in the legal title by force of a deed which as to creditors is a blank piece of paper.” Judge Staples also cites the case of Morton v. Robards, *670 4 Dana’s R. 258, a Kentucky case, in which the same doctrine is held. And he adds, “it will not be denied that these principles apply with equal force to a pre-existing equitable estate, acquired under a valid parol contract.” And in á later case, Eidson v. Huff & al., 29 Gratt. 338, this court held: “When there is a parol agreement under which the purchaser is in possession, and which is valid without a writing, the subsequent execution of a writing cannot invalidate the title previously acquired without it.”
For the foregoing reasons we are of opinion to reverse the decree of the circuit court, and to dismiss the plaintiff's bill as to the appellants, with costs.
The decree was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said decree of the circuit court is erroneous, so far as it held that the judgments were a lien upon the tract of seventy-four acres of land situate in the county of Augusta, which was in the possession of the appellants, and which they held under a parol contract with John Y. Long, made anterior to said judgments, and that the rights of the judgment creditor were superior to the rights of the appellants, and that the judgment liens should be enforced against the said tract of seventy-four acres, and decreed the sale thereof, unless the judgment liens were satisfied and paid within ninety days from the rising of the court; and this court being of opinion that the purchase made by the appellants from the said John Y. Long of the said tract of seventy-four acres, in October or November,-, which has been subsequently conveyed to them by deed, was *671 valid against the appellee’s judgment, it is decreed and ordered that the said decree of the circuit court, so far as it invalidates the rights of the appellants under said purchase and subjects their land aforesaid to the satisfaction of said judgments, be and the samé is hereby reversed and annulled, and that the appellants be quieted in the possession of the said tract of seventy-four acres of land. And it is ordered that the appellants recover against the appellee, The Hagerstown Agricultural Implement Manufacturing Company, their costs by them expended in the prosecution of their appeal and supersedeas aforesaid here, and also their costs by them expended in their defence in the said circuit court. It is further ordered that the plaintiff’s bill, as against the appellants here, be dismissed. And this cause is remanded to the circuit court of Rockingham county, for such further proceedings to be had therein in relation to other parties as may be deemed right and proper.
Degree reversed.